UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL RIVERS,**<br>3997 Prairie Reserve Blvd.<br>Orlando, FL 32824<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES<br>DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br><br>*Defendant.* | Case No. __1:25-cv-798_____ |

# COMPLAINT
## NATURE OF ACTION

1. Plaintiff Michael Rivers ("Rivers") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to force Defendant United States Department of Justice ("DOJ") to comply with a FOIA request. After years[1] of repeated FOIA requests seeking the letters of authorization purporting to enable Christopher LaForgia and Daniel Eckhart to act as Assistant United States Attorneys ("AUSAs"), undersigned counsel submitted a final request on November 14, 2024, to the Executive Office of United States Attorneys, a DOJ component, for two discrete categories of documents.

2. These requests sought all documents related to the hiring and authority to act as AUSAs for the named individuals. On January 14, 2025, the DOJ responded by turning over only two documents – the Oath of Office – for each individual. Undersigned counsel timely appealed,

---

[1] Indeed, both Mr. Rivers and his wife submitted requests as far back as 2018 for these documents, each time getting no responsive records or a response indicating the request would be closed as "duplicative" of prior requests, before Mr. Rivers directed his counsel to initiate the November 14 request on his behalf.

1

pointing out that the DOJ's response fundamentally misread the actual request, failed under FOIA to appropriately disclose requested documents, and failed under FOIA to properly invoke any kind of exception to excuse the failure to disclose. Mr. Rivers now comes to this Court, asking the Court order Defendant to respond to the request actually made of it and disclose all responsive records as of yet improperly withheld.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

6. Plaintiff Michael Rivers is an individual resident in Florida who has repeatedly sought records from the DOJ to reveal that his prosecution by LaForgia and Eckhart was improper, as neither had been properly appointed to the office of AUSA and thus could not represent the DOJ in court during underlying criminal investigation and prosecution in 2014.

7. Defendant DOJ is a federal department charged with administering law enforcement and criminal prosecution in the federal courts on behalf of the United States. DOJ is headquartered at 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

## STATUTORY FRAMEWORK

8. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

9. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines

on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

10. An agency must timely notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

11. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

12. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**FACTS**

13. Since at least 2018, Mr. Rivers has been seeking answers from the DOJ as to whether the prosecutors who tried his criminal case in the Middle District of Florida were properly appointed to represent the United States. At every single turn, the Department of Justice has refused to prove they are, despite clear and numerous requests under FOIA for the necessary appointment documents.

14. On November 14, 2025, undersigned counsel submitted a comprehensive request to the Executive Office of United States Attorneys, a DOJ component charged with the management of US Attorney's Offices nationwide. That request is attached as **Exhibit A.**

15. In that request, undersigned counsel sought two categories of records relating to Christopher W. LaForgia and Daniel W. Eckhart:

   a. Any documents relating to the official appointment of the personnel to the position of Assistant United States Attorney, including any and all certifications, official letters of employment, forms necessary to obtain federal employment, appointment affidavits, and/or memoranda of

      understanding between the personnel and the government which may act as an official indication of authority to prosecute on behalf of the government; and

    b. Any communications, including letters, emails, or other records, relating to the appointment of the personnel to the position of Assistant United States Attorney, including correspondence between the US Attorney's Office and Executive Office of US Attorney's purporting to authorize the personnel to act with the authority of the government.

16. On January 14, 2025, undersigned counsel received the DOJ's response, a letter dated December 13, 2024, attached as **Exhibit B.** In that response, the DOJ indicated it was disclosing two pages with redactions and withholding three pages in full on the basis of 5 U.S.C. § 552(b)(6)'s exception to disclosure for "personnel . . . files . . . the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Attached to the response were the Appointment Affidavits, also called the Oath of Office, for both individuals; those records are attached as **Exhibit C.**

17. On its face, the DOJ's response misreads the underlying request and fails to fully respond either by producing the requested records or claiming an appropriate exception to disclosure. Accordingly, the DOJ's response violates FOIA.

18. To point out this failure to comply with FOIA, undersigned counsel submitted an appeal to the DOJ's Office of Information Policy, the designated agency component responsible for FOIA appeals, on January 15, 2025. That appeal is attached as **Exhibit D.** In the appeal, undersigned counsel pointed out that DOJ's initial response was insufficient on its face when compared to the actual text of the records request.

19. To date, the DOJ has not responded to that FOIA appeal. From a telephone conversation between a DOJ Office of Information Policy representative and a colleague in undersigned counsel's office, the DOJ does not intend to respond to that appeal for another two months, in

addition to the two months they have already had to respond.

## STATEMENT OF CLAIMS

### Count I
### (Failure to Disclose and Produce Records)

20. Mr. Rivers re-alleges and incorporates the foregoing paragraphs as if set forth in full.

21. Defendant failed to make reasonable efforts to search for records responsive to the Request, in violation of the Mr. Rivers' rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

22. Defendant failed to disclose and produce all records responsive to the Request, in violation of the Mr. Rivers' rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

23. Defendant failed to disclose and produce records responsive to the Request without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

24. Mr. Rivers is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Rivers requests that this Court:

    (a)    Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

    (b)    Find that Defendant's failure timely to respond or disclose records was unlawful;

    (c)    Order Defendant to search for and promptly disclose all records responsive to Mr. Rivers' Request;

    (d)    Award the District's attorneys' fees and costs; and

    (e)    Grant any such other relief as the Court may deem just and proper.

Dated:  March 18, 2025								Respectfully submitted,


								 /s/ *Mark E. Schamel*
								Mark E. Schamel (DC Bar No. 463965)
								J. Daniel Everson (DC Bar No. 90029244)
								Venable, LLP
								600 Massachusetts Ave, NW
								Washington, DC 20001
								Tel: (202) 344-4631
								Fax: (202) 344-8300
								Email: MESchamel@Venable.com
								Email: JDEverson@Venable.com

								*Counsel for Michael Rivers*